UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LITTLE CAESAR
ENTERPRISES, INC. et al.,

       Plaintiffs,

v.

RED BARN
RESTAURANT 3 INC. et al.,

       Defendants.
_____/

Case No. 2:24-cv-11558

Honorable Susan K. DeClercq
United States District Judge

**ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT (ECF No. 11)**

Th matter before this Court is Defendants' motion to set aside the clerk's entry of default. ECF No. 11. As explained below, the motion will be granted.

## I. BACKGROUND

On June 13, 2024, Plaintiffs Little Caesar Enterprises, Inc. and LC Trademarks, Inc. filed a complaint alleging claims for, *inter alia*, breach of a franchise agreement and trademark infringement. ECF No. 1. Defendants were served on July 2, 2024, making their Answer due on July 23, 2024. ECF Nos. 5; 6; 7. When no answer was filed, Plaintiffs requested a clerk's entry of default on August 9, 2024, and received it on August 12, 2024. ECF Nos. 8; 9. Defendants

now seek to set aside the default, stating that their failure to file a timely answer was due to "an inadvertent oversight." *See* ECF No. 11 at PageID.46.

## II. ANALYSIS

Civil Rule 55(c) permits this Court to set aside an entry of default "for good cause shown," *Raimondo v. Vill. of Armada*, 197 F. Supp. 2d 833, 836 (E.D. Mich. 2002), based on three factors: "(1) Whether the plaintiff will be prejudiced; (2) Whether the defendant has a meritorious defense; and (3) Whether culpable conduct of the defendant led to the default." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 192 (6th Cir. 1986).

Here, the possibility of prejudice to Plaintiffs is minimal as no default judgment has been entered and not much time as elapsed in the case. In addition, Defendants assert that they have a meritorious defense to Plaintiffs' claims, contending that they "did not breach the franchise agreement," nor did their actions "violate any trademark rights or constitute any unfair competition." ECF No. 11 at PageID.47; s*ee United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 326 (6th Cir. 2010) (holding that, in the context of setting aside a default, a meritorious defense, "if sustained, would change the outcome"). Finally, Defendants state that their failure to respond was "an inadvertent oversight." Although this is a thin excuse, there is no evidence or suggestion that their failure was "an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct" on this case. *Shepard*, 796 F.2d at

194. Moreover, allowing Defendants to respond better ensures that the case is decided on its merits and justice is served. *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (per curiam) ("[T]he thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982))). Therefore, this Court finds that good cause exists to set aside the default entered on August 12, 2024.

### III. CONCLUSION

Accordingly, it is **ORDERED** that Defendants' Motion to Set Aside Clerks Entry of Default, ECF No. 11, is **GRANTED**.

Further, it is **ORDERED** that Defendants are **DIRECTED** to respond to the Plaintiffs' Complaint **on or before October 11, 2024**.

>　　　　　　　　　　　　　　　*/s/Susan K. DeClercq*
>　　　　　　　　　　　　　　　SUSAN K. DeCLERCQ
>　　　　　　　　　　　　　　　United States District Judge

Dated: October 2, 2024